■ In the Matter of JEANETTE WILSON, Petitioner, v ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Determination after fair hearing by respondent Commissioner of the State Department of Social Services dated January 28, 1974, affirming the New York City Department of Social Services reduction of grant to Mary Wilson is in this article 78 proceeding unanimously annulled in part, on the law, without costs and without disbursements, and the matter remanded to respondent State Commissioner for further proceedings in accordance with this decision. Mary Wilson, the mother of Linda Wilson, was a recipient of Aid to Families with Dependent Children. Linda reached her eighteenth birthday on April 10, 1973. The fair hearing before the State Commissioner's representative was held on November 27, 1973. Linda had

been continuously out of her mother's home since September 6, 1973. She was attending Boston University under full tuition scholarship together with student loans. As a result, at the time of the fair hearing, Linda was living in Boston at no cost or expense to her mother for her maintenance. The commissioner's decision stated that the city agency's action to remove Linda from Mary's budget was sanctioned by subdivision (a) of section 352.30 of the State Department's regulations (18 NYCRR 352.30 [a]). The Attorney-General argues that the determination should be affirmed because he claims there was evidence sufficient to sustain a finding that Linda was emancipated. But we do not think the Commissioner's determination can be fairly read as a finding that Linda was emancipated. The relevant section of the regulations (18 NYCRR 352.30 [a]) on which the commissioner relied reads in part as follows: "Members of the family temporarily absent from the home shall be included as a member of the household in the budgetary estimate, such as children or minors attending school away from home, except when maintenance is provided without cost." The evidence indicated that while Linda's maintenance was being taken care of at no cost to her mother Mary while Linda was at school, this would not take care of Linda's maintenance while she was not actually attending school, e.g., during holidays, summers, etc., and that it would be necessary for Linda's mother to maintain a home for Linda. Accordingly, we agree with petitioner's contention that Linda should not have been removed completely from Mary's budget as of the time of the fair hearing but that Mary's budget should only have been reduced to the extent that maintenance was provided to Linda without cost to her mother, and the determination of the State Commissioner is annulled insofar as it exceeds that reduction. However, the fair hearing took place on November 27, 1973; the decision of the State Commissioner was based on the evidence as of that time; and our partial annulment of that decision is also as of the date of the fair hearing, November 27, 1973. Almost two and one-half years have elapsed since then. We know there have been some changes since then. Mary Wilson, the original petitioner, died on December 1, 1974 and her older daughter Jeanette has been substituted as a petitioner in this proceeding. The record is of course silent as to what other changes have taken place since then, e.g., what has happened to Linda in the interim, whether she is still a student or not, whether she is emancipated or not, whether the status of Jeanette's budget has changed and whether Jeanette is entitled to succeed to anything that Mary may have been entitled to. All these matters we leave open for determination by the respondents based on whatever facts have intervened since November 27, 1973. Concur—Markewich, J. P., Kupferman, Silverman, Lane and Nunez, JJ.